UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| W CHAPPELL MUSIC CORP. dba WC MUSIC CORP., UNIVERSAL MUSIC CORPORATION, BENJAMIN BERGER PUBLISHING, and RYAN MCMAHON PUBLISHING, | Case No.<br><br>Hon. |
| Plaintiffs, | |
| v | |
| JKA22, LLC and DINO CICCARELLI, | |
| Defendants. | |
| _____/ | |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary

form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant JKA22, L.L.C. ("JKA22"), is a limited liability company organized under the laws of the state of Michigan, with a principal place of business located at 46793 Hayes Road, in Shelby Township.

6. At all times hereinafter mentioned JKA22 did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Ciccarelli's Sports Bar Theater (the "Sports Bar"), located at 46793 Hayes Road, in Shelby Township.

7. Musical compositions were and are publicly performed at the Sports Bar.

8. On information and belief, defendant Dino Ciccarelli ("Ciccarelli" and, together with JKA22, the "Defendants") is an individual who resides or does business in this District.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

9. On information and belief, Ciccarelli is a member, officer and/or owner of JKA22.

10. At all times hereinafter mentioned, Ciccarelli was, and still is, responsible for the control, management, operation, and maintenance of the affairs of JKA22.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Sports Bar, including the right and ability to supervise and control the public performance of musical compositions at the Sports Bar.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Sports Bar.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members'

3

musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants obtained an ASCAP license agreement for the Sports Bar effective May 1, 2012.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on April 30, 2018, upon written notice, ASCAP terminated the ASCAP license for the Sports Bar.

16. On numerous occasions since April 30, 2018, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

17. Defendants have refused all of ASCAP's offers to relicense the Sports Bar.

18. As a result of the foregoing, the Sports Bar has been unlicensed by ASCAP since April 30, 2018.

19.     ASCAP's various communications offering to relicense the Sports Bar gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at the Sports Bar constitute copyright infringement.

20.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Sports Bar, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22.     The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in

each composition named in Column 3 by performing publicly the compositions at the Sports Bar, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at the Sports Bar of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at the Sports Bar include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts,

said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at the Sports Bar, or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

                                              Respectfully submitted,

Dated: June 6, 2023           By:  */s/Brian Wassom*
                                              WARNER NORCROSS + JUDD LLP
                                              Brian Wassom (P60381)
                                              45000 River Ridge Dr., Ste. 300
                                              Clinton Twp., MI 48038
                                              (586) 303-4139
                                              bwassom@wnj.com

                                              *Attorneys for Plaintiff*

28591298